UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |
| _____/ | |
| THIS DOCUMENT RELATES TO:<br>Ombretta Ruisi, as Administrator of the Estate of Dominick Angelo Ruisi, and Individually<br><br>_____<br>(Plaintiff Name(s)) | JURY TRIAL DEMANDED |

## SHORT-FORM COMPLAINT - VERSION 2

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Amended Master Personal Injury Complaint ("AMPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint - Version 2 as permitted by Pretrial Order No. 31 and as modified by the Court's Orders regarding motions to dismiss [DE 2532, 2512, 2513, 2515, and 2016].

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

      I.      PARTIES, JURISDICTION, AND VENUE

  A. PLAINTIFF(S)

    1.    Plaintiff(s) OMBRETTA RUISI

        ("Plaintiff(s)") brings this action (check the applicable designation):

        ☐    On behalf of [*himself/herself*];

☒   In representative capacity as the  Administrator  , on behalf of the injured party, (Injured Party's Name) Dominick Angelo Ruisi .

2.  Injured Party is currently a resident and citizen of (City, State) _____ and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year)  Jan   25   2020  . At the time of Decedent's death, Decedent was a resident and citizen of (City, State)  Estero   FL  .

If any party claims loss of consortium,

3.  Ombretta Ruisi  ("Consortium Plaintiff") alleges damages for loss of consortium.

4.  At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State)  Estero   FL  .

5.  At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State)  Estero   FL  .

**B. DEFENDANT(S)**

6.  Plaintiff(s) name(s) the following Defendants from the Amended Master Personal Injury Complaint in this action:

   a. **Brand-Name Manufacturers:**
   Pfizer Inc.; Boehringer Ingelheim USA Corporation; Sanofi S.A.; GlaxoSmithKline LLC; GlaxoSmithKline (America) Inc.; Boehringer Ingelheim Pharmaceuticals, Inc.; Sanofi-Aventis U.S. LLC; Boehringer Ingelheim International GmbH; Patheon Manufacturing Service LLC; Boehringer Ingelheim Promeco, S.A. de C.V.; Boehringer Ingelheim Corporation; Sanofi US Services Inc.; GlaxoSmithKline PLC

    **b. Generic Manufacturers:**

    **c. Distributors and Repackager:**
        Chattem, Inc.

    **d. Retailers:**

    **e. Others Not Named in the AMPIC:**

### C. JURISDICTION AND VENUE

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

   __Central__ District of __FL__

8. Jurisdiction is proper upon diversity of citizenship.

## II.   PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

   ☒   By prescription

   ☒   Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) __Jan   2001__ to __Dec   2019__.

## III.   PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☒ | GASTRIC CANCER | Sep 23 2019 |
| ☐ | KIDNEY CANCER | |
| ☒ | LIVER CANCER | Oct 1 2019 |
| ☐ | LUNG CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | OTHER CANCER: | |
| ☒ | DEATH (CAUSED BY CANCER) | Jan 25 2020 |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s)

### IV.   CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[1]

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☒ | I | Strict Products Liability – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |

---

[1] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☒ | II | Negligence – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☒ | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | IV | Negligence – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, OK, and WA |
| ☐ | V | Negligence - Failure to Warn Consumers through the FDA (Against Brand-Name and Generic Manufacturer Defendants) | CA, DE, DC, HI, IN, KY, LA, MD, MA, MN, MO, NV, NY, OR, and PA |
| ☒ | VI | Strict Products Liability – Design Defect Due to Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☒ | VII | Strict Products Liability – Design Defect Due to Improper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | VIII | Negligent Failure to Test (Against Brand-Name and Generic Manufacturer Defendants) | KS, TX |
| ☒ | IX | Negligent Product Containers: (Against Brand-Name and Generic Manufacturers of pills) | All States and Territories |
| ☒ | X | Negligent Storage and Transportation Outside the Labeled Range (Against All Retailer and Distributor Defendants) | All States and Territories |
| ☒ | XI | Negligent Storage and Transportation Outside the Labeled Range (Against All Brand-Name and Generic Manufacturer Defendants) | All States and Territories |
| ☐ | XII | Negligent Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in California) | CA only |
| ☐ | XIII | Reckless Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in Massachusetts) | MA only |

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☒ | XIV | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☒ | XV | Loss of Consortium (Against All Defendants) | All States and Territories |
| ☒ | XVI | Wrongful Death (Against All Defendants) | All States and Territories |
| ☐ |  | Other |  |

If Count XV or Count XVI is alleged, additional facts supporting the claim(s):

Count XV:

Ombretta Ruisi suffered loss of support, companionship, services, society, love and affection due to her spouse's injuries. She incurred economic loss for expenditures related to her spouse's cancer treatment, medications, medical care, and subsequent death.

Count XVI:
Dominick Ruisi suffered bodily injury resulting in death due to Zantac.

## V. JURY DEMAND

14. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Amended Master Personal Injury Complaint.

Attorney 1 Signature: s/Rosemarie Riddell Bogdan
Attorney 1 Print: Rosemarie Riddell Bogdan
Attorney 2 Signature: _____
Attorney 2 Print: _____
Firm: Martin, Harding & Mazzotti, LLP
Address 1: 1 Wall Street
Address 2: PO Box 15141
City: Albany
State: New York
Zip: 12212
Email: rrbzantac@1800law1010.com
Phone: 518-862-1200

Attorney 1 Signature: _____
Attorney 1 Print: _____
Attorney 2 Signature: _____
Attorney 2 Print: _____
Firm: _____
Address 1: _____
Address 2: _____
City: _____
State: _____
Zip: _____
Email: _____
Phone: _____